**SO ORDERED.**

**SIGNED this 17 day of June, 2011.**

J. Rich Leonard
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

**IN RE:**

| | |
|---|---|
| **RICHARD SAMUEL DECKELBAUM,** | **CASE N0. 10-06021-8-JRL** |
| | **CHAPTER 7** |
| **DEBTOR.** | |

**SILVERDEER, LLC ET. AL**
       **PLAINTIFFS**

**vs.**                                          **ADVERSARY PROCEEDING**
                                                 **NO. 11-00075-8-JRL**

**RICHARD SAMUEL DECKELBAUM**
       **DEFENDANT.**

**RDA EXECUTIVE RECRUITERS, LLC ET. AL**
       **PLAINTIFFS**

**vs.**                                          **ADVERSARY PROCEEDING**
                                                 **NO. 11-00076-8-JRL**

**RICHARD SAMUEL DECKELBAUM**
       **DEFENDANT.**

_____

## ORDER

This case is before the court on the defendant's motions to dismiss the adversary

proceedings.  On June 16, 2011, the court held a hearing in Raleigh, North Carolina.

The plaintiffs filed complaints objecting to the debtor's discharge under 11 U.S.C. § 727 and the dischargeability of specific claims under § 523(a)(2), (4), and (6) on February 28, 2011.  The debtor filed motions to dismiss the adversary proceedings because they were filed after the bar date.  Pursuant to Bankruptcy Rules 4004(b) and 4007(c), the original bar date for filing complaints for denial of discharge and dischargeability was November 4, 2011.  However, the chapter 7 trustee filed timely motions and obtained orders to extend the time to file complaints to March 1, 2011.  The trustee's motions and the subsequent orders only pertained to § 727 objections, but the orders are fairly read as extending the time for objecting to discharge not just to the trustee but to other creditors.

The trustee is not a "party in interest" under Bankruptcy Rule 4007(c) and cannot extend the deadline for filing objections to the discharge of specific debts under § 523.  Matter of Farmer, 786 F.2d 618, 621 (4th Cir. 1986).  However, the plaintiffs argued at the hearing that the doctrine of equitable tolling should apply and allow their dischargeability actions to proceed.  The difficulty with this assertion is that the plaintiffs failed to provide sufficient factual assertions in their complaints to allow the court to determine whether the doctrine of equitable tolling applies in these cases.

Based on the foregoing, the defendant's motions to dismiss the § 727 objections to discharge are **DENIED**.  The plaintiffs have 20 days to amend their pleadings to include a factual predicate for their reliance on equitable tolling of the Rule 4007(c) deadline, after which the court will rule on the motion to dismiss the § 523 claims from the action without another hearing.

**END OF DOCUMENT**