**SO ORDERED.**

**SIGNED this 19 day of October, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

IN RE:

| | |
|---|---|
| **RICHARD SAMUEL DECKELBAUM,** | **CASE NO. 10-06021-8-JRL** |
| DEBTOR. | CHAPTER 7 |
| **SILVERDEER, LLC; SILVERDEER MANAGEMENT, LLC; HOWARD A. JACOBSON,** | |
| Plaintiffs | **ADVERSARY PROCEEDING** |
| v. | **NO. 11-00075-8-JRL** |
| **RICHARD SAMUEL DECKELBAUM,** | |
| Defendant | |
| **RDA EXECUTIVE RECRUITERS, LLC and RDA RECRUITERS, LLC,** | |
| Plaintiffs | **ADVERSARY PROCEEDING** |
| v. | **NO. 11-00076-8-JRL** |
| **RICHARD S. DECKELBAUM,** | |
| Defendant | |

**ORDER**

This matter came before the court on Richard S. Deckelbaum's ("defendant") motion to reconsider an order filed by the court on June 16, 2011. A hearing on this matter was held on August 30, 2011 in Raleigh, North Carolina.

**JURISDICTION**

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

**FACTS**

The defendant filed for relief under chapter 7 of the Bankruptcy Code on July 29, 2010. On February 28, 2011, two adversary proceedings were commenced against the defendant. SilverDeer, LLC; SilverDeer Management, LLC; and Howard A. Jacobson (collectively "SilverDeer plaintiffs") and RDA Executive Recruiters, LLC, and RDA Recruiters, LLC (collectively "RDA plaintiffs") each filed complaints objecting to the defendant's discharge pursuant to § 727 and the dischargeability of specific claims under § 523(a)(2), (4), and (6) of the Bankruptcy Code. On March 31, 2011, the defendant filed a motion to dismiss both adversary proceedings on the basis that both plaintiffs' claims were time barred. The defendant also argued that both plaintiffs failed to state a claim under § 727 of the Bankruptcy Code for which relief could be granted pursuant to Bankruptcy Rule 7012(b)(6). Both plaintiffs argued that the chapter 7 trustee timely filed motions and obtained orders to extend the time to file

complaints to March 1, 2011, as to all creditors. Both plaintiffs also argued that the doctrine of equitable tolling extended their time to file specific dischargeability actions under § 523 of the Bankruptcy Code.

A hearing was held on June 17, 2011 on the defendant's motion to dismiss. The court made the following findings of fact: The trustee's motion and subsequent court order extended the time to file § 727 objections with regard to the trustee and all other creditors. The trustee was not a "party in interest" under Bankruptcy Rule 4007(c) and could not extend the deadline for filing objections to the discharge of specific debts under § 523 of the Bankruptcy Code. Both plaintiffs failed to provide sufficient factual assertions in their complaint to allow the court to determine whether the doctrine of equitable tolling applied.

Based on those findings, the court entered an order on June 17, 2011, denying the defendant's motion to dismiss the § 727 objections to discharge on the ground that the claim was time barred and granted both plaintiffs 20 days to amend their pleadings to include a factual predicate for their reliance on equitable tolling of the Rule 4007(c) deadline.

On June 28, 2011, the SilverDeer plaintiffs filed their first amended complaint, and the RDA plaintiffs took a voluntary dismissal of their § 523 claims against the defendant. The defendant then filed this motion to reconsider the June 17, 2011 order on June 29, 2011. During the August 30, 2011 hearing on the defendant's motion, it became clear that the parties were confused about whether the court had denied the defendant's motion to dismiss both plaintiffs' § 727 claims pursuant to B.R. 7012(b)(6) in the June 17, 2011 order. The court had withheld its ruling on that ground because the plaintiffs had been granted time to amend their complaints. After the hearing, the court allowed both plaintiffs 10 days to amend their complaints. On

August 31, 2011 the SilverDeer plaintiffs filed their second amended complaint, and the RDA plaintiffs filed their first amended complaint.  The defendant filed an amended answer to both complaints on September 16, 2011.  From the parties amended complaints and answers the court will rule on the defendant's motion to dismiss both adversary proceedings.

## DISCUSSION

## 11 U.S.C. § 727 CLAIMS

The defendant first argues that both plaintiffs' claims for relief pursuant to § 727 of the Bankruptcy Code should be dismissed for failure to state a claim upon which relief can be granted.  Under Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b)(6), a complaint should not be dismissed for failure to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 46–47 (1957).  In making that determination, the court must accept as true all pleaded allegations and view the complaint in the light most favorable to the plaintiffs.  Hatfill v. The New York Times Co., 416 F.3d 320, 329 (4th Cir. 2005).

The defendant first contends that the plaintiffs failed to set out plausible allegations to warrant a denial of discharge in the defendant's chapter 7 case pursuant to § 727(a)(2), (3), or (4) of the Bankruptcy Code.  "Generally, a Chapter 7 debtor's conduct, no matter how reprehensible, will not forfeit discharge unless covered by one of the grounds listed in Section 727."  In re Bernstein, 78 B.R. 619, 622 (S.D. Fla. 1987).  Pursuant to § 727(a)(2), (3), and (4) of the Bankruptcy Code a court will grant a debtor a discharge unless the plaintiff can prove that the debtor:

4

>(2) with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>
>>(A) property of the debtor, within one year before the date of the filing of the petition; or
>>
>>(B) property of the estate, after the date of the filing of the petition[.]
>
>(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
>
>(4) the debtor knowingly and fraudulently, in or in connection with the case--
>
>>(A) made a false oath or account;
>>
>>(B) presented or used a false claim;
>>
>>(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
>>
>>(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

11 U.S.C. § 727(a)(2)–(4). Each of these "grounds for denial of discharge center on the debtor's wrongdoing in or in connection with the bankruptcy case." H.R. REP. NO. 95-595 (1978). The defendant contends that the allegations in both plaintiffs' complaints support § 523(a)(2), (4), or (6) claims for relief, but not claims for relief pursuant to § 727(a)(2), (3), or (4) of the Bankruptcy Code.

## **The SilverDeer Plaintiffs**

The SilverDeer plaintiffs allege in their complaint the following: The SilverDeer

plaintiffs and the defendant were named defendants in a state court action. The defendant terminated their joint counsel's representation and hired new counsel for himself. The defendant was the manager of SilverDeer, LLC. After the lawsuit was filed, the defendant ceased coming to SilverDeer's offices to take part in the management. The defendant and state court plaintiff were engaged in secret negotiations to settle the state court action, and the defendant purposively tried to conceal their discussions from the SilverDeer plaintiffs. On July 16, 2010, the defendant entered into a settlement agreement on behalf of SilverDeer, LLC with the state court plaintiffs. By entering into this agreement the defendant destroyed his equity interest in SilverDeer, LLC. This agreement caused SilverDeer, LLC to go into involuntary bankruptcy. By entering into the settlement agreement with the state court plaintiffs, the defendant acted maliciously and with intent to harm the SilverDeer plaintiffs. Prior to entering into the settlement, the defendant consulted with a bankruptcy attorney who informed the defendant that he could obtain relief from liability in the state court action by filing for relief under chapter 7 of the Bankruptcy Court, but the relief could be denied as to claims by the SilverDeer plaintiffs if the defendant breached a fiduciary duty to them, committed fraud, or caused any willful or malicious injury to them.

Even if the court takes the SilverDeer plaintiffs' allegations as true, the SilverDeer plaintiffs cannot prevail on a claim for relief pursuant to § 727 of the Bankruptcy Code. Here, the SilverDeer plaintiffs' basis for denying the defendant's discharge stem from a pre-petition settlement agreement. The SilverDeer plaintiffs allege that the defendant acted with intent to defraud the creditors by entering into this settlement agreement. Even if that is true, the defendant's actions and intent with regard to the settlement agreement do not warrant a denial of

discharge under § 727 of Bankruptcy Code. As alleged, the defendant's actions do not fall under any of the grounds for discharge enumerated under § 727 of the Bankruptcy Code. Assuming the defendant acted fraudulently or concealed the settlement, the SilverDeer plaintiffs did not allege that the defendant had the intent to defraud, hinder, or delay creditors in connection with his bankruptcy proceedings. Nor do they allege that SilverDeer, LLC was solvent at the time the settlement agreement was signed and that its creditors were harmed as a result of the agreement. The plaintiffs allegations may support a claim for relief under § 523(a), but do not support a claim for relief under § 727. Therefore, the defendant's motion to dismiss the SilverDeer plaintiff's claims for relief pursuant to § 727 of the Bankruptcy Code is **GRANTED**.

## The RDA Plaintiffs

The RDA plaintiffs' complaint alleges the following: "[A]s early as 2009, Defendant diverted to himself all of the Plaintiffs' revenue and concealed from Plaintiffs and their other manager and members and their accounting services provider the fact and amount of payments received from executive recruiting services clients." The defendant used this revenue to pay personal expenses and to obtain legal advice related to bankruptcy. The defendant failed to fulfill his fiduciary duty to the RDA plaintiffs.

Essentially, the RDA plaintiffs argue in their complaint that because the defendant defrauded the RDA plaintiffs the defendant's bankruptcy case was also fraudulent. The RDA plaintiffs do not allege that the defendant committed these acts with the intent to defraud the trustee or his creditors in his bankruptcy proceedings. Even if these allegations are true, the RDA plaintiffs have not stated a claim for relief under § 727 of the Bankruptcy Code. If the defendant committed fraudulent acts they were not alleged to have been committed in

conjunction with his bankruptcy proceedings.

## 11 U.S.C. § 523(a) CLAIMS

The defendant next argues that the SilverDeer plaintiffs' § 523 claims should be dismissed for being time barred. Pursuant to Bankruptcy Rules 4004(b) and 4007(c), the original bar date for filing complaints for denial of discharge and dischargeability was November 4, 2010. The SilverDeer plaintiffs filed their complaint on February 28, 2011. Therefore it follows that the SilverDeer plaintiffs' complaint is time barred.

The SilverDeer plaintiffs contend that equitable tolling is an exception to Bankruptcy Rule 4007(c). In In re Benedict, 90 F.3d 50, 54 (2d Cir. 1996), the court stated, that the "time period imposed by Rule 4007(c) is not jurisdictional and thus is subject to waiver, estoppel, and equitable tolling[.]" Equitable tolling is "reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)), cert. denied, 541 U.S. 905 (2004). "[E]quitable tolling 'must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Gayle v. UPS, 401 F.3d 222, 226 (4th Cir.2005) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000)). In order to state a claim for equitable tolling, the SilverDeer plaintiffs must have plead "(1) extraordinary circumstances, (2) beyond [their] control or external to [their] own conduct, (3) that prevented [them] from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse, 339 F.3d at 246).

Here, the SilverDeer plaintiffs' complaint alleges that they were not able to discover the

fraudulent nature of the defendant's settlement agreement in the state court action until February 2011. However, their complaint also alleges that the SilverDeer "[p]laintiffs were aware of this purported settlement agreement shortly after the time it was executed by Deckelbaum . . . the settlement agreement did not reveal the pattern of concealment, fraud, breach of fiduciary duty and malicious misconduct[.] . . . At most, the settlement agreement itself revealed only a questionable business transaction[.]" Notably, the defendant's settlement agreement was entered into on July 16, 2010. The SilverDeer plaintiff's complaint states that prior to filing for relief under chapter 7 of the Bankruptcy Code the defendant was a manager of the SilverDeer plaintiff. The SilverDeer plaintiffs argued in their complaint that the defendant owed a fiduciary duty to the SilverDeer plaintiffs. The SilverDeer plaintiffs' complaint alleges that the defendant did not have authority to enter into this settlement and as a result of the defendant's settlement agreement SilverDeer, LLC was forced to file involuntary bankruptcy. Further, it is undisputed that the defendant filed for individual bankruptcy shortly after executing this settlement agreement.

     Based on these allegations it is clear that this is not one of those occasions where extraordinary circumstances prevented the plaintiffs from filing a complaint pursuant to § 523(a) of the Bankruptcy Code. Even if the SilverDeer plaintiffs' allegations are true, the SilverDeer plaintiffs had sufficient notice of the facts and circumstances giving rise to their claim before November 4, 2010. Even if it is true that they were not aware of the full extent of the fraud until February, they were aware of the purported unauthorized settlement, the "questionable business transaction", the defendant's fiduciary relationship with the SilverDeer plaintiffs, and the involuntary bankruptcy of SilverDeer, LLC. These facts alone were sufficient to put them on

notice to file a claim for relief pursuant to § 523 of the Bankruptcy Court.  The extraordinary remedy of equitable tolling is not appropriate in this case.

The defendant argues that the doctrine of equitable tolling does not apply to deadlines for filing dischargeability complaints.  The defendant relies on Santos v. Santos (In re Santos), 112 B.R. 1001, 1006 (9th Cir. BAP 1990), holding "that the plain language of [4007(c) and 4004(a)] precludes the application of the doctrine of equitable tolling."  The defendant also argues that the Fourth Circuit's decision in Farouki v. Emirates Bank International, Limited, 14 F.3d 244 (4th Cir. 1994), to extend the time to file a complaint under § 727(a) of the Bankruptcy Code on equitable grounds is limited in scope and distinguishable from this case.  Based on the court's finding that the SilverDeer plaintiffs did not sufficiently plead grounds for equitable tolling it is unnecessary to address the issue of whether equitable tolling is an exception to 4007(c) and 4004(a).

Based on the foregoing, the defendant's motion to dismiss the SilverDeer plaintiffs' § 727 and 523(a) claims is **GRANTED**.  The defendant's motion to dismiss the RDA plaintiffs' § 727 claims is also **GRANTED**.

**END OF DOCUMENT**